# Exhibit A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Equifax Information Services, LLC, and Does 1 through 10 inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Kamlesh Banga

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California, County of San Francisco
400 McAllister Street, San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):*
CGC-13-536520

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kamlesh Banga, P.O. Box 5656, Vallejo, CA 94591 (707) 342-1692

DATE: DEC 3 0 2013    CLERK OF THE COURT   Clerk, by  MEREDITH GRIER , Deputy
*(Fecha)*                                  *(Secretario)*                  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): EQUIFAX INFORMATION SERVICES, LLC
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other (specify): LLC
4. ☒ by personal delivery on (date): 6/18/14

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Kamlesh Banga
P.O. Box 5656
Vallejo, CA 94591

Plaintiff in Pro Per
(707) 342-1692

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO

| | |
|---|---|
| KAMLESH BANGA, | CASE NO.: CGC-13-536520 |
| Plaintiff, | |
| vs. | **FIRST AMENDED COMPLAINT** |
| EQUIFAX INFORMATION SERVICES, LLC and Does 1 through 10 inclusive. | |
| Defendants | |

1.  This lawsuit involves Equifax Information Services, LLC's ("Equifax") willful violations of the California Consumer Credit Reporting Act, §1785 et seq., California Unfair Business Practices Act et seq., California Civil Code Section 1798 et seq., and California Constitution Art. I, § 1, et al. which relates to the dissemination of Plaintiff's personal confidential information to third parties as well as to the general public.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over this matter because the unlawful acts and practices alleged herein occurred in the State of California which is within this judicial district.

3.  Plaintiff is, now, at all times mentioned in the Complaint, a resident of the Solano County, State of California.

4. Equifax is a foreign corporation licensed to do business in the State of California and has corporate headquarters at 1550 Peachtree St. NE, Atlanta, GA, 30309.

5. Equifax is a consumer reporting agency, as defined in §1785 et seq. of California Consumer Credit Reporting Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports to third parties.

## PRELIMINARY STATEMENT

6. This lawsuit arises from the facts that Equifax had displayed Plaintiff' social security number, date of birth, current and past addresses to the general public by filing Plaintiff's partial credit reports of August 14, 2007 and July 20, 2004 with the Ninth Circuit and District Court's Dockets without seal. Equifax had also impermissibly disseminated Plaintiff's credit report information for promotional purposes to third parties notwithstanding the fact that Plaintiff's name had been blocked permanently from all pre-approved credit offer mailing lists.

7. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, and therefore sue these Defendants by such fictitious names and capacities. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously-named Defendants once they have been ascertained.

## FACTUAL BACKGROUND

8. California Consumer Credit Reporting Act §1785.11(d) (1) ("CCCRA") affords a right to consumer to prohibit information contained in the consumer credit report with any consumer-reporting agency from being used in connection with any credit or insurance transaction or any other purpose that is not initiated by consumer.

9. Accordingly, on April 14, 2003, as permitted under CCCRA §1785.11(d) (1)[1], Plaintiff called (888-567-8688) and elected to exclude her name from being used in connection with any credit or insurance transaction or any other purpose that is not initiated by her. Subsequently,

---

[1] California Civil Code §1785.11(d) (1) provides in pertinent part:

> A consumer may elect to have his or her name and address excluded from any list provided by a consumer credit reporting agency pursuant to paragraph (2) of subdivision (b) by notifying the consumer credit reporting agency, by telephone or in writing, through the notification system maintained by the consumer credit reporting agency pursuant to subdivision (e), that the consumer does not consent to any use of consumer credit reports relating to the consumer in connection with any transaction that is not initiated by the consumer.

Plaintiff received a Notice of Election to Opt-Out Permanently. On July 10, 2003, Plaintiff signed and returned the Notice of Election to Opt-Out Permanently to the address as jointly established and maintained by nationwide credit reporting agencies. Consequently, Equifax's record began to show that Plaintiff's name had been blocked permanently.

10. Equifax's website further advised that it would protect Plaintiff's privacy in pertinent part:

> "We have built our reputation on our commitment to deliver reliable information to our customers (both businesses and consumers) and to protect the privacy and confidentiality of personal information about consumers. If we believe that a client is using Equifax's information in a manner that does not comply with applicable laws, industry codes or contracts; we periodically review our clients' marketing materials to make sure their criteria are consistent with and appropriate for the intended use; we will pursue corrective action, up to and including termination of the relationship; we comply with all contractual restrictions placed on information provided to Equifax. Safeguarding the privacy and security of information, both online and offline, is a top priority for Equifax

11. On October 8, 2009, Plaintiff filed a lawsuit against Equifax for its willfully and negligently disseminating Plaintiff's credit report for impermissible purposes in violation of section 1681b of the FCRA and section 1785.11 (d)(1) of the CCCRA. On January 25, 2011, the Court granted summary judgment in favor of Equifax. Plaintiff subsequently appealed that order. On October 17, 2011, Equifax filed its answering brief with the Ninth Circuit and "Excerpts of Record," which included two of Plaintiff's partial credit reports attached to the Declaration of Ms. Vicki Banks as Exhibit I and II "without seal". Unfortunately, Plaintiff did not learn of it until October 30 2012 that Equifax had filed two of her credit reports with the Ninth Circuit without seal.

12. On October 31, 2012, Plaintiff wrote a letter to Equifax indicating that she had discovered that it had filed two of her partial credit reports with the Ninth Circuit without seal. She also pointed out to Equifax that Plaintiff did not discover that it had initially filed her credit reports as Exhibits "I" and "II" attached to the Declaration of Ms. Vicki Banks with the District Court in support of its motion for partial summary judgment. Therefore, Plaintiff requested Equifax to have her credit reports to be removed from both the Ninth Circuit and District Court's dockets immediately. Equifax did not respond.

13. On December 3, 2012, Plaintiff again brought to Equifax's attention that it had not yet removed her credit reports from the Ninth Circuit and District Court's Docket and therefore she requested that her credit reports should be removed immediately from the pacer but to no avail.

14. On December 8, 2012, Plaintiff requested and received a copy of her credit reports and learned that Equifax had also provided her credit reports to American Preferred Lending, AT&T Wireless, DMI Financial, Inc., First Ohio Bank & Lending, Inc., Network Capital Funding, TransAmerican Financial Corp. and Xcelerated Investments, et al. Consequently, Plaintiff contacted Equifax and asked for an explanation among other things as to why her credit reports had been sold for promotional purposes since she had elected to opt-out permanently from all pre-approved credit offer mailing lists. Plaintiff further advised Equifax to cease immediately to sell her credit reports for promotional purposes.

15. Plaintiff further discovered that on January 8, 2013, Equifax had again sold her credit information to Newday Financial, LLC. On February 26, 2013, Plaintiff wrote another letter to Equifax stating that it must cease selling her credit reports for promotional purposes and again asked for an explanation as to why it continually to sell Plaintiff's credit report for promotional purposes since she had been opted out permanently from all pre-approved credit offer mailing lists. Later on, Plaintiff discovered that Equifax had also sold her credit reports to Fingerhut/Webbank and Residential Home Funding Corp.

16. Finally, on December 30, 2013, Plaintiff initiated the current lawsuit as she had been unsuccessful in persuading Equifax to have her credit reports to be removed from Ninth Circuit and District Court's dockets.

17. Plaintiff believes that Equifax had compromised and it continues to compromise her social security number because it has failed to remove her credit reports from the pacer as to date. Equifax's posting of Plaintiff's social security number is particularly damaging because identity thieves are able to not only fraudulently open credit card accounts and to obtain loans, but to fraudulently access her existing accounts. Though Plaintiff employs the service of credit monitoring and incurs monthly fee; yet the defensive monitoring measure is still not a guarantee of protection against identity theft.

18. As a result of Equifax's violation of Plaintiff's right to privacy, she had suffered and continues to suffer emotional distress and pecuniary harm. Plaintiff had suffered a loss in the sum of $900; however, she is continued to suffer pecuniary harm as she has to employ the service of credit monitoring. Yet, Plaintiff is still worried and concerned because the defensive monitoring measure is not a guarantee of protection against identity theft because identity theft crimes often encompass more than just immediate financial loss. Identity thieves often hold onto stolen personal and financial information for several years before using and/or selling the information to other identity thieves.

## FIRST CAUSE OF ACTION
### Breach of Election to Opt-Out

19. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 18 above.

20. On October 17, 2011, Equifax had filed Plaintiff's partial credit reports dated August 14, 2007 and July 20, 2004 into public record. By doing so, Equifax had breached the written contractual restriction placed on information provided to Equifax in accordance with Election to Opt-Out of July 10, 2003 pursuant to Civil Code §1785.11(d) (1).

21. Equifax's sale of Plaintiff's credit reports to American Preferred Lending, AT&T Wireless, DMI Financial, Inc., First Ohio Bank & Lending, Inc., Network Capital Funding, Trans-American Financial Corp., Xcelerated Investments, Fingerhut/Webbank, Newday Financial, LLC and Residential Home Funding Corp constitutes an express violation of Civil Code §1785.11(d) (1).

22. As a result of Equifax's aforementioned willful acts, Plaintiff's social security number has been compromised because it has failed to remove Plaintiff's credit report from the pacer as to date. Equifax should be directed to remove Plaintiff's credit reports from Ninth Circuit and District Court's Dockets.

23. As a result of Equifax's unwarranted and unconstitutional dissemination of Plaintiff's personal and financial confidential information contained in her credit reports to third parties and to the general public, Plaintiff had suffered and she continues to suffer emotional distress, invasion of privacy, and pecuniary harm.

24. As a result of Equifax's aforementioned willful acts, Plaintiff was and is continued to be injured as set forth above and is entitled to actual or compensatory and punitive damages against Equifax.

## SECOND CAUSE OF ACTION
### Claim for Violation of California Civil Code § 1798 et seq.

25 Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 24 above.

26. At all relevant times, Equifax had violated Section 1798 et seq. by filing portion of Plaintiff's consumer reports without seal with the District Court as well as with the Ninth Circuit which contained her personal identifying information such as social security number, date of birth, her past and current addresses, et al. to the general public.

27. Equifax had failed to conform to the requirements of California Civil Code § 1798[2] et seq. which makes it unlawful to "[p]ublicly post or publicly display in any manner an individual's personal information including social security number." The same section goes on to specify that "'publicly post' or 'publicly display' means to intentionally communicate or otherwise make available to the general public."

28. Equifax had compromised Plaintiff's personal information and it is much more difficult to protect against identity theft than it would be if Plaintiff's credit card information would have been stolen. Identity theft crimes often encompass more than just immediate financial loss. Identity thieves often hold onto stolen personal confidential information for several years before using and/or selling the information to other identity thieves.

29. As a result of Equifax's aforementioned unlawful and willful acts, Plaintiff was and is continued to be injured as set forth above and is entitled to actual or compensatory and punitive damages against Equifax.

## THIRD CAUSE OF ACTION
### Claim for Violation of Common Law Invasion of Privacy

30. Plaintiff re-alleges and incorporates by reference all the allegations in paragraphs 1 through 29 above.

31. Equifax had willfully and unlawfully intruded upon the Plaintiff's seclusion by displaying her personal information to the general public.

32. As a result of Equifax's willful filing of Plaintiff's partial credit reports of August 14, 2007 and July 20, 2004 into public record, Plaintiff has been injured because her constitutional

---

[2] California Law on SSN Confidentiality: Civil Code Section 1798.85: (a) Except as provided in this section, a person or entity may not do any of the following:

- post or publicly display SSNs,
- print SSNs on identification cards or badges;
- require people to transmit an SSN over the Internet unless the connection is secure or the number is encrypted;
- require people to log onto a web site using an SSN without a password.
- print SSNs on anything mailed to a customer unless required by law or the document is a form or application;

right to privacy in her personal confidential information contained in her credit reports has been violated.

33. As a result of Equifax's unwarranted and unconstitutional dissemination of Plaintiff's personal confidential information contained in her credit reports, Plaintiff had suffered and will continue to suffer irreparable harm.

34. As a result of Equifax's aforementioned unlawful and willful acts, Plaintiff was and is continued to be injured as set forth above and is entitled to actual or compensatory and punitive damages against Equifax.

## FOURTH CAUSE OF ACTION
### Unfair Business Practices Act

35. Plaintiff re-alleges and incorporates by reference all the allegations in paragraphs 1 through 34 above.

36. Equifax's conduct was deceptive because the privacy statement provided at its website does not advise consumers that Equifax will disclose consumer's personal confidential information to the general public.

37. In the course and conduct of its business, Equifax had conducted its business as contrary to its own specified policies when it filed Plaintiff's partial credit report into public record which contained not only date of birth, her current and past addresses but also included her social security number.

38. Equifax's posting of Plaintiff's consumer reports to the general public is an unfair, unlawful, and fraudulent practice that constitutes unfair business practice under Business and Professions Code Section 17200[3].

39. As a result of Equifax's unlawful, unfair, fraudulent business practice, Plaintiff had suffered and continues to suffer emotional distress, invasion of privacy, and pecuniary harm.

40. As a result of the Equifax's aforementioned unfair business acts, Plaintiff was and is continued to be injured as set forth above and is entitled to actual or compensatory and punitive damages against Equifax.

---

[3] 17200. Unfair competition shall mean and include, any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

## FIFTH CAUSE OF ACTION
### Claim for Violation of California Constitution Art. I, § 1

41. Plaintiff re-alleges and incorporates by reference all the allegations in paragraphs 1 through 40 above.

42. Equifax's actions were unreasonable and highly offensive to the Plaintiff, and to the senses of ordinary persons. Equifax's conduct contravenes all boundaries of decency and standards of a civilized society.

43. Plaintiff has a right to avoid disclosure of her confidential personal information. Equifax had invaded said privacy right as protected by the Constitution of the State of California, Article I, Section 1 by posting Plaintiff's confidential personal identifying information to the general public.

44. As a result of the Equifax's aforementioned unlawful and willful acts, Plaintiff was and is continued to be injured as set forth above and is entitled to actual or compensatory and punitive damages against Equifax.

## TRIAL BY JURY

45. Plaintiff is entitled to and hereby requests a trial by jury.

## REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES

46. Plaintiff respectfully requests that this Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against Equifax.

## DAMAGES AND PENALTIES

WHEREFORE, Plaintiff respectfully requests that Equifax should be directed to remove immediately Plaintiff's credit reports from Ninth Circuit and District Court's Dockets. Plaintiff further requests a Judgment of this Court for each violation charged in the Complaint in her favor awarding her economic, compensatory, exemplary and punitive damages and all the relief as provided by law, attorney's fees if plaintiff retains an attorney during the pendency of this action, equitable relief, the costs and disbursements of this action;

///
///
//

1. Actual and/or Statutory damages against Equifax in the sum of $250,000.
2. Punitive damages;
3. Injunctive relief;
4. Attorney's fees; and
5. Interest accrued on damages and penalties;
6. Such other and further relief as the Court deems just and proper and; Costs and expenses incurred in the action.

Respectfully Submitted;

Dated: June 16, 2014      By: _____*Kamlesh Banga*_____
                                                    KAMLESH BANGA
                                                    Plaintiff in Pro Per

# VERIFICATION

I, Kamlesh Banga, declare under penalty of perjury under the laws of the State of California that I am a plaintiff in the above-entitled action. I have read the First Amended Complaint and I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 16, 2014 in the County of Solano

By: _____*Kamlesh Banga*_____
KAMLESH BANGA
Plaintiff in Pro Per



# Superior Court of California, County of San Francisco
## Alternative Dispute Resolution Program Information Package



> The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. (CRC 3.221(c))

## WHAT IS ADR?
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?
"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:
- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?
Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's ADR programs by any of the following means:
- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-782-8905 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
415-551-3876

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court offers different types of ADR processes for general civil matters; each ADR program is described in the subsections below:

## 1) SETTLEMENT CONFERENCES

The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute early in the litigation process.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** ESP remains as one of the Court's ADR programs (see Local Rule 4.3) but parties must select the program – the Court no longer will order parties into ESP.

**Operation:** Panels of pre-screened attorneys (one plaintiff, one defense counsel) each with at least 10 years' trial experience provide a minimum of two hours of settlement conference time, including evaluation of strengths and weakness of a case and potential case value. BASF handles notification to all parties, conflict checks with the panelists, and full case management. The success rate for the program is 78% and the satisfaction rate is 97%. Full procedures are at: www.sfbar.org/esp.

**Cost:** BASF charges an administrative fee of $250 per party with a cap of $500 for parties represented by the same counsel. Waivers are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) MANDATORY SETTLEMENT CONFERENCES:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement, before incurring the expense of going to court, that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law. A mediator strives to bring the parties to a mutually beneficial settlement of the dispute.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** Experienced professional mediators, screened and approved, provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process. BASF staff handles conflict checks and full case management.

Mediators work with parties to arrive at a mutually agreeable solution. The success rate for the program is 64% and the satisfaction rate is 99%.

**Cost:** BASF charges an administrative fee of $250 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the administrative fee are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private mediation. Parties may elect any private mediator or mediation organization of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will very depending on the mediator selected.

## 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed.

Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

**Cost:** There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE THE ATTACHED STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION AND SUBMIT IT TO THE COURT. <u>YOU MUST ALSO CONTACT BASF TO ENROLL IN THE LISTED BASF PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF COMPLETED STIPULATIONS TO BASF.</u>

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br><br>DEPARTMENT 610 |

1) The parties hereby stipulate that this action shall be submitted to the following ADR process:

☐ **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $250 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐ **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $250 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐ Other ADR process (describe) _____

2) The parties agree that the ADR Process shall be completed by (date): _____

3) Plaintiff(s) and Defendant(s) further agree as follows:

_____
_____

| Name of Party Stipulating | Name of Party Stipulating |
|---|---|
| Name of Party or Attorney Executing Stipulation | Name of Party or Attorney Executing Stipulation |
| Signature of Party or Attorney | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  07/12          **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**