THOMAS P. QUINN (State Bar No. 132268)
NOKES & QUINN
410 Broadway, Suite 200
LAGUNA BEACH, CA 92651
Tel: (949) 376-3500
Fax: (949) 376-3070
Email: tquinn@nokesquinn.com

Attorneys for Defendant EQUIFAX
INFORMATION SERVICES LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMLESH BANGA,<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | Case No.: 3:14-cv-03038-NC<br><br>**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant, Equifax Information Services LLC ("Equifax"), by counsel, files its Answer and Defenses to Plaintiff's Complaint ("Complaint") as follows:

## PRELIMINARY STATEMENT

Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

    1.    Equifax denies the allegations in Paragraph 1.

    2.    Equifax admits that this Court has subject matter jurisdiction.

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

1        3.     Equifax is without knowledge or information sufficient to form a

2 belief as to the truth of the allegations in Paragraph 3 and, therefore, denies those

3 allegations.

4        4.     Equifax admits the allegations in Paragraph 4.

5        5.     Equifax admits the allegations in Paragraph 5.

6        6.     Equifax is without knowledge or information sufficient to form a

7 belief as to the truth of the allegations in Paragraph 6 and, therefore, denies those

8 allegations.

9        7.     Equifax is without knowledge or information sufficient to form a

10 belief as to the truth of the allegations in Paragraph 7 and, therefore, denies those

11 allegations.

12        8.     Equifax states that the language of California Consumer Credit

13 Reporting Act §1785.11(d)(1) cited in Paragraph 8 speaks for itself. To the

14 extent Plaintiff misstates, mischaracterizes, or takes out of context the cited

15 statute, the allegations are denied.

16        9.     Equifax denies the allegations in Paragraph 9.

17        10.     Equifax states that its website speaks for itself. To the extent

18 Plaintiff misstates, mischaracterizes, or takes out of context the language quoted

19 in Paragraph 10, the allegations are denied.

20        11.     Equifax admits that Plaintiff filed a lawsuit against it in October 2009

21 and that the Court granted summary judgment in Equifax's favor. Equifax

22 further admits that Plaintiff appealed that decision and that Equifax filed an

23 answering brief and supplemental record excerpts on or around October 17,

24 2011. Equifax states that the documents filed in the Court of Appeals speak for

25 themselves and that to the extent Plaintiff misstates, mischaracterizes, or takes

26 out of context the content of those documents the allegations are denied. Equifax

27 denies the remaining allegations in Paragraph 11.

28 / / /

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

- 2 –
**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT**

1     12.     Equifax denies the allegations in Paragraph 12.

2     13.     Equifax denies the allegations in Paragraph 13.

3     14.     Equifax is without knowledge or information sufficient to form a

4   belief as to the truth of the allegations in Paragraph 14 and, therefore, denies

5   those allegations.

6     15.     Equifax is without knowledge or information sufficient to form a

7   belief as to the truth of the allegations in Paragraph 15 and, therefore, denies

8   those allegations.

9     16.     Equifax admits that Plaintiff filed this lawsuit on December 30,

10  2013.

11    17.     Equifax denies the allegations in Paragraph 17.

12    18.     Equifax denies the allegations in Paragraph 18.

13    19.     Equifax reasserts and re-alleges its responses and defenses as set

14  forth above in Paragraphs 1 through 18.

15    20.     Equifax admits that it filed a declaration in this Court on October 17,

16  2011.

17    21.     Equifax denies the allegations in Paragraph 21.

18    22.     Equifax denies the allegations in Paragraph 22.

19    23.     Equifax denies the allegations in Paragraph 23.

20    24.     Equifax denies the allegations in Paragraph 24.

21    25.     Equifax reasserts and re-alleges its responses and defenses as set

22  forth above in Paragraphs 1 through 24.

23    26.     Equifax denies the allegations in Paragraph 26.

24    27.     Equifax denies the allegations in Paragraph 27.

25    28.     Equifax denies the allegations in Paragraph 28.

26    29.     Equifax denies the allegations in Paragraph 29.

27    30.     Equifax reasserts and re-alleges its responses and defenses as set

28  forth above in Paragraphs 1 through 29.

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT**

1    31.   Equifax denies the allegations in Paragraph 31.

2    32.   Equifax denies the allegations in Paragraph 32.

3    33.   Equifax denies the allegations in Paragraph 33.

4    34.   Equifax denies the allegations in Paragraph 34.

5    35.   Equifax reasserts and re-alleges its responses and defenses as set

6    forth above in Paragraphs 1 through 34.

7    36.   Equifax denies the allegations in Paragraph 36.

8    37.   Equifax denies the allegations in Paragraph 37.

9    38.   Equifax denies the allegations in Paragraph 38.

10   39.   Equifax denies the allegations in Paragraph 39.

11   40.   Equifax denies the allegations in Paragraph 40.

12   41.   Equifax reasserts and re-alleges its responses and defenses as set

13   forth above in Paragraphs 1 through 40.

14   42.   Equifax denies the allegations in Paragraph 42.

15   43.   Equifax denies the allegations in Paragraph 43.

16   44.   Equifax denies the allegations in Paragraph 44.

17   45.   Equifax admits that Plaintiff has requested a trial by jury, and it also

18   requests trial by jury.

19   46.   Equifax denies that Plaintiff is entitled to any damages.

20   Any allegation in Plaintiff's Complaint not heretofore specifically responded

21   to by Equifax is hereby denied.

## DEFENSES

23   Without assuming the burden of proof where it otherwise rests with Plaintiff,

24   Equifax pleads the following defenses to the Complaint:

## First Defense

26   Plaintiff's Complaint fails to state a claim against Equifax upon which relief

27   can be granted.

28   / / /

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

- 4 –
**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT**

1

**Second Defense**

2      At all pertinent times, Equifax maintained reasonable procedures to ensure

3   maximum possible accuracy in its credit reports.

4

**Third Defense**

5      Plaintiff's damages, if any, were not caused by Equifax, but by another

6   person or entity for whom or for which Equifax is not responsible.

7

**Fourth Defense**

8      Equifax has complied with the Fair Credit Reporting Act in its handling of

9   Plaintiff's credit file and is entitled to each and every defense stated in the Act and

10  any and all limitations of liability.

11

**Fifth Defense**

12     At all relevant times herein, the Plaintiff's alleged damages, which Equifax

13  denies exist, were aggravated by the failure of the Plaintiff to use reasonable

14  diligence to mitigate the same.  Therefore, Plaintiff's recovery, if any, should be

15  barred or decreased by reason of his failure to mitigate alleged losses.

16

**Sixth Defense**

17     Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to

18  recover punitive or statutory damages.

19

**Seventh Defense**

20     Equifax adopts by reference the defenses, criteria, limitations, standards and

21  constitutional protections mandated or provided by the United States Supreme

22  Court in the following cases:  *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus.,*

23  *Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*,

24  538 U.S. 408 (2003) and *Safeco Insurance Co. of America v. Burr*, 127 S. Ct. 2201

25  (2007).

26

**Eighth Defense**

27     Some or all of Plaintiff's claims may be barred by the applicable statutes of

28  limitations.

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT**

1

### Ninth Defense

2     Some or all of Plaintiff's claims may be barred by *res judicata*.

3

### Tenth Defense

4     Equifax is entitled to an offset of the claims set forth in the Complaint

5 sufficient to diminish or defeat Plaintiff's recovery.

6 Equifax reserves the right to assert additional defenses that it learns through the

7 course of discovery.

8     **WHEREFORE**, having fully answered or otherwise responded to the

9 allegations in Plaintiff's Complaint, Equifax prays that:

10     (1)    Plaintiff's Complaint be dismissed in its entirety and with prejudice,

11 with all costs taxed against Plaintiff;

12     (2)    it be dismissed as a party to this action;

13     (3)    it have a trial by jury for all issues so triable.

14     (4)    it recover such other and additional relief, as the Court deems just

15 and appropriate.

16     Respectfully submitted this 14th day of July, 2014.

17

18 Dated: July 14, 2014           NOKES & QUINN

19

20                   By:   /s/ Thomas P. Quinn, Jr.

                      THOMAS P. QUINN, JR.

21                       Attorney for Defendant Equifax

22                       Information Services LLC

23

24

25

26

27

28

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

1

2

3

4

## CERTIFICATE OF SERVICE

**KAMLESH BANGA v. EQUIFAX INFORMATION SERVICES, LLC**
**United States District Court of California – North, Case #3:14-cv-03038-NC**

5

6

7

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause.

8

9

10

On **July 14, 2014**, I served a true copy of **DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

11

12

[ ]  By personally delivering it to the persons(s) indicated below in the manner as provided in Federal Rule of Civil Procedure 5(B)

13

14

[X]  By depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:

15

16

Kamlesh Banga
P.O. Box 5656
Vallejo, California  94591

17

18

19

20

[X]  By ECF: On this date, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet;

21

22

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

23

24

I hereby certify under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

25

/S/ Jennifer J. Maston

26

27

Place of Mailing:  Laguna Beach, California

28

Executed on **July 14, 2014**, at Laguna Beach, California.

- 7 –
**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**