1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

11

KAMLESH BANGA,

12                     Plaintiff,

13            v.

14   EQUIFAX INFORMATION SERVICES
     LLC,
15
                       Defendant.
16

Case No. 14-cv-03038 NC

**ORDER TO SHOW CAUSE, and
ORDER SETTING HEARING ON
MOTION TO REMAND**

Re: Dkt. Nos. 1, 6

17         On July 2, 2014, defendant Equifax removed this action to federal court on the basis

18   of diversity jurisdiction, 28 U.S.C. § 1332(a).  Dkt. No. 1 ¶ 4.  However, the removal notice

19   does not contain sufficient allegations to establish the citizenship of all relevant parties for

20   diversity purposes.  The federal courts "have an independent obligation to determine

21   whether subject-matter jurisdiction exists, even in the absence of a challenge from any

22   party."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  "If at any time [after removal

23   and] before final judgment it appears that the district court lacks subject matter jurisdiction,

24   the case shall be remanded."  28 U.S.C. § 1447(c).

25         The notice of removal here does not adequately allege the citizenship of plaintiff.

26   The notice states that "Plaintiff's Complaint, on its face, states that Plaintiff is a resident of

27   Solano County, California."  Dkt. No. 1 ¶ 5.  However, a natural person's state citizenship

28   is determined by her state of domicile.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857

(9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. . . . A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* The removal notice here fails to allege the domicile of plaintiff for diversity purposes.

Additionally, the removal notice does not adequately allege the citizenship of defendant. The notice states that "Equifax is, in fact, a Georgia Limited Liability Company with its headquarters and principal place of business in Atlanta, Georgia." Dkt. No. 1 ¶ 7. The diversity statute provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Unlike a corporation, a limited liability company is treated for purposes of diversity as a citizen of every state of which its owners/members are citizens. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Moreover, if any member of an LLC is itself a partnership or association (or another LLC), the Court needs to know the citizenship of each "sub-member" as well. *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010). The removal notice here fails to allege the citizenship of the members, and any sub-members, of Equifax.

By August 25, 2014, Equifax must show cause in writing why the removal is proper by addressing the Court's concerns identified above. If Equifax does not establish that removal was proper, the Court will remand this action to state court and may order other relief as justice requires.

Additionally, plaintiff, proceeding pro se, filed an opposition to the removal. Dkt. No. 6. The Court will treat the opposition as a motion to remand the case to state court and will hear the motion on September 10, 2014, at 1:00 p.m. in Courtroom A, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California. Any response to the motion for remand is due by August 25, 2014. Any reply is due within 7 days after the response is filed.

For additional guidance, plaintiff may refer to the Court's Pro Se Handbook, available

at http://www.cand.uscourts.gov/prosehandbook on the Court's website, or contact the

Legal Help Center, which provides information and limited-scope legal advice to pro se

litigants in civil cases.  The Legal Help Center requires an appointment, which can be made

by calling (415) 782-8982.

Plaintiff and defendant must consent or decline the jurisdiction of a magistrate judge

by August 25, 2014.  See attached consent/declination form.

IT IS SO ORDERED.

Date: August 11, 2014

Nathanael M. Cousins
United States Magistrate Judge