UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMLESH BANGA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EQUIFAX INFORMATION SERVICES LLC,<br><br>　　　　Defendant. | Case No. 14-cv-03038-WHO<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 6 |

## INTRODUCTION

Before the court is plaintiff Kamlesh Banga's motion to remand. Because defendant Equifax Information Services LLC ("Equifax") has proven by a preponderance of the evidence that the parties are citizens of different states and that the amount in controversy exceeds $75,000, the motion is DENIED.

## PROCEDURAL BACKGROUND

Banga, proceeding pro se, filed this action on June 16, 2014 in the Superior Court of California, County of San Francisco, alleging causes of action under California Business & Professions Code section 17200, California Civil Code section 1798, the California Consumer Credit Reporting Act, the California constitution, and for common law invasion of privacy. Dkt. No. 1, Ex. A. Equifax removed the case to federal court on the basis of diversity jurisdiction on July 2, 2014. *Id.* ¶ 4. The case was initially assigned to Judge Cousins. Dkt. No. 2.

On July 30, 2014, Banga filed an opposition to removal. Dkt. No. 6. The opposition argues that removal jurisdiction is lacking because the case does not present a federal question. *See id.* at 1 ("[P]laintiff's well-pleaded complaint includes only five causes of action, all of which are clearly based on state law, and, therefore, this case should be remanded because no federal question is at issue."). Judge Cousins construed the opposition as a motion to remand, and on

August 11, 2014, issued an order to show cause requiring Equifax to present written evidence addressing two deficiencies in the notice of removal: (1) The notice fails to adequately allege Banga's citizenship, because it alleges only Banga's state of residency, not her state of domicile. (2) The notice fails to adequately allege Equifax's citizenship, because it alleges that Equifax is a limited liability company but does not specify the citizenship of Equifax's members. Dkt. No. 7.

The case was reassigned to this Court on August 25, 2014. Dkt. No. 13. On the same date, Equifax filed a response to the order to show cause. Dkt. No. 14. With regard to Banga's citizenship, the response points out that Banga has alleged both in this case and in a prior case in this District that she is a resident of California. *Id.* at 2 (citing *Banga v. Equifax Info. Servs. LLC*, No. 09-cv-04807-JSW (N.D. Cal. Oct. 8, 2009), Dkt. No. 1 ¶ 5). The response also notes that Banga admits in her motion to remand that there is diversity of citizenship between the parties. *Id.* (citing Dkt. No. 6 at 5). With regard to Equifax's citizenship, a declaration attached to the response states that Equifax's sole owner and member is Equifax, Inc., which is incorporated and has its principal place of business in the state of Georgia. Harris Decl. ¶¶ 5-7 (Dkt. No. 14).

Banga filed a reply on September 3, 2014, again asserting that the case must be remanded because it does not involve a federal question.[1] Dkt. No. 15 at 4 ("A closer look at each of plaintiff's five causes of action in her state complaint evinces that she makes no claim specific to the rights afforded to her by the United States."). Pursuant to Local Rule 7-1(b), the Court found this matter suitable for resolution without oral argument and vacated the hearing scheduled for October 1, 2014. Dkt. No. 22.

**GENERAL STANDARDS FOR REMOVAL AND REMAND**

A defendant sued in state court may remove the action to federal court if the action could have been brought in federal court in the first instance. 28 U.S.C. § 1441(a). Removal is

---

[1] Banga also asserts in her reply that although Equifax sent her a copy of its response to the order to show cause, Equifax did not send her a copy of the attached declaration. Dkt. No. 15 at 2; Banga Decl. ¶¶ 3-5 (Dkt. No. 17). On September 12, 2014, I ordered Equifax to provide Banga a copy of the declaration and gave Banga additional time to file a supplemental reply if she wished to do so. Dkt. No. 20. Equifax filed a certificate of service on September 15, 2014 confirming that it had mailed Banga a copy of the declaration. Dkt. No. 21. Banga did not file a supplemental reply.

generally based on the existence of either federal question jurisdiction or diversity jurisdiction. Federal question jurisdiction exists where the action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the case is between citizens of different states, or citizens of a state and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a). A defendant desiring removal must file in the appropriate United States district court a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders" thus far served upon the defendant in the action. 28 U.S.C. § 1446.

If at any time following removal, it appears that removal was improper because of a lack of subject matter jurisdiction, the case must be remanded to state court. 28 U.S.C. § 1447(c). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction;" accordingly, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks and citations omitted). This strong presumption against removal jurisdiction means that the defendant always has the burden of proving, by a preponderance of the evidence, that removal was proper. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Gaus*, 980 F.2d at 566. Whether removal was proper is determined primarily on the basis of the pleadings at the time of removal. *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998); *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985). However, the court may also consider affidavits or other "summary-judgment-type evidence" submitted after the motion to remand is filed. *Singer,* 116 F.3d at 377; *see also, Altamirano v. Shaw Indus., Inc.*, No. 13-cv-00939-EMC, 2013 WL 2950600, at *3 (N.D. Cal. June 14, 2013) ("A court may properly consider evidence the removing party submits in its opposition to remand, even if this evidence was not submitted with the original removal petition.").

**DISCUSSION**

Equifax has proven by a preponderance of the evidence that diversity jurisdiction exists in this case. Equifax's response to the August 11, 2014 order to show cause addresses each of the concerns identified in the order. The notice of removal's allegation that Banga resides in

3

California, combined with Banga's own assertions that she is a California resident and that diversity of citizenship exists between the parties, is sufficient to show that Banga is domiciled in California. *See Bergman v. Bank of Am.*, No. 13-cv-00741-JCS, 2013 WL 5863057, at *1 n.2 (N.D. Cal. Oct. 23, 2013) ("A party's residence is prima facie evidence of domicile. In the absence of evidence to the contrary, a party will be treated as a citizen of its state of residence."). For the purposes of diversity jurisdiction under 28 U.S.C § 1332(a), the citizenship of an individual is determined by her state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Thus, Banga is a California citizen.

Equifax has also shown that it is a citizen of the state of Georgia. Equifax is a limited liability company. Harris Decl. ¶ 6. A limited liability company's citizenship is determined by the citizenship of its individual members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Equifax's sole member is Equifax, Inc. Harris Decl. ¶ 7. A corporation's citizenship is determined in two ways: (1) by the state in which it was organized or incorporated; and (2) by the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). Equifax, Inc. is incorporated in Georgia and has its principal place of business in Georgia. Harris Decl. ¶ 5. Thus, both Equifax, Inc. and Equifax are citizens of Georgia and only Georgia.

Banga is a California citizen, and Equifax is Georgia citizen. The amount in controversy requirement is also satisfied, because Banga's complaint plainly states that she is seeking $250,000 from Equifax, plus punitive damages. *See* Dkt. No. 1, Ex. 1 at 9; *see also, Gaus,* 980 F.2d at 566 ("Normally, [the amount in controversy requirement] is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement."); *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986) ("The amount in controversy is normally determined from the face of the pleadings."). Thus, diversity jurisdiction exists. *See* 28 U.S.C. § 1332(a).

Banga is absolutely right that her claims do not "aris[e] under the Constitution, laws, or treaties of the United States," and that, therefore, federal question jurisdiction is lacking here. *See* 28 U.S.C. § 1331. However, federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332(a) each provides a separate and independent basis for a federal

1  district court, such as this one, to exercise jurisdiction over a case.  Where one basis is present, the
2  other is unnecessary.  Because Equifax has proven by a preponderance of the evidence that
3  diversity jurisdiction exists, it is irrelevant that Banga brings only state law claims.  The removal
4  of this case from state to federal court was still proper.

## CONCLUSION

For the foregoing reasons, the motion to remand is DENIED.

**IT IS SO ORDERED**.

Dated:  October 2, 2014



WILLIAM H. ORRICK
United States District Judge